## State of Vermont v. Donna M. Robillard

[520 A.2d 992]

No. 86-240

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 5, 1986

*Shelley A. Hill*, Windsor County Deputy State's Attorney, White River Junction, for Plaintiff-Appellee.

*Bruce M. Lawlor*, Springfield, for Defendant-Appellant.

**Peck, J.** Defendant appeals a trial court decision confirming a jury verdict which had found her guilty of operating a motor vehicle while under the influence of intoxicating liquor (DUI). 23 V.S.A. § 1201(a)(2). We affirm.

This matter was first brought here on the merits following the jury verdict. *State* v. *Robillard*, 146 Vt. 623, 508 A.2d 709 (1986). A central issue in that appeal was the validity of a recantation by William Garrow, a State's witness, who shortly after trial informed defendant's counsel that his damaging testimony at the November 28, 1983 trial had been a fabrication. On December 5, 1983, he repeated his recantation at a deposition, which was conducted without the presence of the state's attorney. A motion for a new trial ensued, but after a hearing on December 12, 1983, at which Garrow again confirmed his recantation, the motion was denied and judgment entered on the verdict.

Thereafter, on March 5, 1984, an information was filed charging Garrow with perjury at the December 12, 1983 hearing; he pleaded nolo contendere to that charge.

On appeal of defendant's conviction for DUI we remanded to enable the trial court to weigh Garrow's testimony at trial in the light of the standard we announced in our opinion governing re-

canted testimony in Vermont. We instructed the trial court as follows:

> We remand the case with the following instructions. First, the court must determine whether, in its own view, Garrow's testimony at trial was true or false; second, if the court accepts the testimony as true, the verdict of the jury, and the subsequent judgment of guilty shall stand. However, if the trial judge is satisfied that the testimony was false, in accordance with the *initial* recantation, then the court shall conduct a new hearing on defendant's motion for a new trial at which the modified probability standard, discussed and adopted above, shall be applied.

*Id.* at 629, 508 A.2d at 713. On remand the trial court conducted a hearing, although not required by those instructions, *before* making its ultimate determination that the original trial testimony by Garrow had been truthful and that the verdict against defendant should stand.

Defendant's argument on this appeal is that the trial court, on remand, erred in wandering beyond our instructions and conducting a hearing prior to determining *in its own view* whether Garrow's testimony at trial had been false. Defendant is correct to the extent that, under our instruction, the court could have dispensed with this preliminary hearing and simply perused the record before coming to a decision about the veracity of the original Garrow testimony. The trial court was required to take the cautionary step of conducting a hearing only in the event it found the *initial* recantation credible in its own view.

We disagree with defendant that the procedure adopted by the trial court on remand constituted error. The instructions quoted above did not *preclude* the court from conducting a hearing if it was felt desirable to do so as an aid to determining the issue of truth or falsity. Moreover, defendant does not suggest specific grounds for concluding that the hearing conducted below was prejudicial beyond the argument that the hearing was not in accordance with our direction. The State's only witnesses at the hearing were the court reporter who took the deposition of William Garrow on December 5, 1983, and Garrow's counsel on the perjury charge growing out of the recantation. The scope of the examination of both witnesses was limited to whether Garrow's testimony at the November 28, 1983 trial was true or false. De-

fendant also testified, and again the testimony was limited to the same subject.

Apart from the fact that the trial court's abundance of caution in conducting a hearing initially did not prejudice defendant, defendant herself participated actively in the hearing, and counsel relied on defendant's testimony in his closing argument. Not only did defendant fail to note a timely objection to the court's procedure, but she sought to make the most of the hearing and to use it in her effort to bolster the credibility of the initial recantation. Under these circumstances defendant waived any argument on appeal that the trial court failed to follow the mandate of this Court.

■ Defendant next reasons that because corroboration creates an inference that a witness was not lying, citing *Larrison* v. *United States*, 24 F.2d 82 (7th Cir. 1928), and because Garrow's testimony at defendant's trial on November 28, 1983 was not corroborated, "the lack of such corroboration is an indication that Garrow's own testimony was itself perjured." The argument is without merit. There is no basis for a holding that the absence of corroboration creates an inference of incredibility as a matter of law. The weight of the evidence and the credibility of any witness is for the trier of fact to determine. *Murray* v. *J & B International Trucks, Inc.*, 146 Vt. 458, 469, 508 A.2d 1351, 1358 (1986).

■ Defendant next argues that Garrow's July 7, 1984 plea of nolo to the charge of perjury for testimony which occurred on December 12, 1983 did not justify the trial court's finding that the testimony at trial was true. Defendant's reasoning is that the record below lacked evidence of what defendant's perjured testimony of December 12, 1983 was. Without knowing what defendant testified to on December 12, 1983, defendant argues that the court could not have drawn any conclusions about the veracity of his trial testimony. It is impermissible in civil or criminal cases to rely on untruthfulness of testimony as automatically establishing the truthfulness of the inverse factual proposition. *Michigan Employment Relations Commission* v. *Cafana Cleaners, Inc.*, 73 Mich. App. 752, 252 N.W.2d 536 (1977). Nevertheless, the State's information charging Garrow with perjury, filed on March 5, 1984, which defendant conceded in her brief was properly before the court, itself delineated the relationship between the evidence at trial and the recantation; the relationship was clear, not speculative. Garrow's attorney on the perjury charge testified below to

clarify that it was perjury at the December 12, 1983 hearing, not at the earlier trial, that was at issue. The court had ample evidence before it to determine the proper impact of the nolo plea on the issue of Garrow's veracity at trial.

Defendant's other issues are beyond the scope of this Court's remand order, going to the sufficiency of specific findings not related to the truth or falsity of the Garrow testimony. They are not before us in this appeal.

*Affirmed.*